**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARQUISE A. CLARK, | DOCKET NUMBER |
| Appellant, | CH-0752-15-0288-I-2 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: October 21, 2022 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randall C. Cahill</u>, Esquire, Saint Louis, Missouri, for the appellant.

<u>Darrel C. Waugh</u>, Esquire, Stockton, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was a GL-08 Correctional Officer, Senior Officer Specialist, for the agency's Federal Bureau of Prisons, stationed at Federal Correctional Institution Greenville. *Clark v. Department of Justice*, MSPB Docket No. CH-0752-15-0288-I-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 13 at 31. The agency imposed the appellant's removal for unprofessional conduct for his failure to provide a urine sample and absence without leave (AWOL). IAF, Tab 13 at 33-35. The appellant filed a formal complaint of discrimination in which he asserted that the action constituted race, age, and sex discrimination. *Id.* at 9. The agency issued a final agency decision finding no discrimination. *Id.* at 12-28. The appellant then filed the instant appeal challenging the removal. IAF, Tab 1.

¶3 The administrative judge issued an initial decision sustaining the removal. *Clark v. Department of Justice*, MSPB Docket No. CH-0752-15-0288-I-2, Refiled Appeal File (RAF), Tab 25, Initial Decision (I-2 ID). The appellant filed a petition for review, and the agency responded in opposition to his petition. Petition for Review (PFR) File, Tabs 1, 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge properly sustained the charge of failure to provide a urine sample.</u>

¶4    The appellant challenges the administrative judge's decision to sustain the failure to provide a urine sample charge because he asserts, as he did below, that his position was not subject to random drug testing, the individuals who requested that he submit the urine sample did not have the authority to do so, and there were other suspicious circumstances regarding the collection of the sample. PFR File, Tab 1 at 12-13, 16-24, 26-27. The administrative judge found that the appellant's position was subject to random drug testing because the agency performs such testing under its Drug Free Work Place Program, the deciding official and other witnesses testified that they had undergone random drug testing, the appellant's testimony indicated that he knew he could be subject to random drug testing, and he did not otherwise provide any reason that his position was exempt from random drug testing. I-2 ID at 6; Hearing Transcript (HT) at 35-37 (testimony of the appellant), 114 (testimony of the appellant's supervisor), 183 (testimony of the Health Service Administrator), 283, 314 (testimony of the deciding official); IAF, Tab 13 at 145-49.

¶5    Each agency is required to establish a drug testing program for its employees. Executive Order 12,564, 51 Fed. Reg. 32,889 (Sept. 15, 1986). The extent to which employees are tested and the criteria for testing is to be determined by each agency, taking into account factors such as the nature of the agency's mission and the duties of its employees. *Id.* The drug testing program for the Federal Bureau of Prisons is governed by Program Statement 3735.04, Drug Free Workplace (June 30, 1997). IAF, Tab 13 at 138-54. Under this program, testing-designated positions subject to random drug tests include "positions assigned to locations where employees may establish eligibility for Federal law enforcement retirement." *Id.* at 145-46. We find that the appellant satisfied this criterion because all Federal Bureau of Prison employees are, by

statute, eligible for law enforcement retirement after meeting the age and service requirements of 5 U.S.C. § 8412(d). 5 U.S.C. § 8401(17)(D)(i). In fact, the appellant's Standard Form 50 indicates that his retirement plan was "M," described as "FERS AND FICA SPECIAL," RAF, Tab 13 at 31, which reflects a law enforcement officer or firefighter retirement plan. *See* Office of Personnel Management, CSRS and FERS Handbook,[2] *Payroll Office Reporting of Withholdings and Contributions*, ch. 80, § 80A5.1-3 (Apr. 1998), *available at* https://www.opm.gov/retirement-services/publications-forms/csrsfers-handbook/c080.pdf. We therefore agree with the administrative judge that the agency correctly identified the appellant's position as a testing-designated position.

¶6      The administrative judge next found that the appellant was ordered to provide the sample by authorized individuals. I-2 ID at 6-9. Under the agency's policy, only Health Service Administrators (HSAs) and Assistant HSAs are authorized to collect urine samples. IAF, Tab 13 at 144. The appellant claimed that the Inmate Systems Officer, and not the HSA, requested to take his urine sample. *Id.* at 73-74. The administrative judge found that the appellant was not credible as to this point because his version of events was contradicted by other witness testimony and by documentary evidence and was inherently improbable. I-2 ID at 6-8; HT at 119-20 (testimony of the appellant's supervisor), 196-97 (testimony of the HSA), 440-43 (testimony of the Inmate Systems Officer); IAF, Tab 13 at 54, 57, 66, 72-74. Thus, she found that the HSA, who was authorized to do so, requested the sample. I-2 ID at 8. She also found that the appellant's supervisor had the authority to order him to provide the sample. I-2 ID at 8-9. The appellant argued that his supervisor did not have such authority because his shift had ended 5 minutes prior to his order, but the administrative judge found that, because he was on the agency premises and performing work from his

---

[2] The CSRS and FERS Handbook is a public document, of which we take administrative notice. *See Azdell v. Office of Personnel Management*, 88 M.S.P.R. 319, 323 (2001).

previous shift, the supervisor had the necessary authority. I-2 ID at 9; HT at 312 (testimony of the deciding official).

¶7     The appellant has provided no basis for disturbing the administrative judge's findings that he was subject to random drug testing and that agency officials had the authority to order him to provide a sample to conduct such testing. We also have considered the appellant's claims of unusual circumstances surrounding the request for a sample. PFR File, Tab 1 at 18-19, 22-23, 26-27. However, we find that these claims, as well as his previous claims, do not provide a basis for disturbing the initial decision. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding that mere disagreement with the administrative judge's well-reasoned findings provides no basis for disturbing the initial decision).

¶8     Next, the appellant asserts, as he did below, that he should not have been required to obey the agency's order to provide a urine sample because doing so would have been dangerous. PFR File, Tab 1 at 22-24. He alleged that, as an African American, he feared being confronted late at night by a large group of Caucasian officers, and he was nervous about certain accusations if he provided a urine sample to a Caucasian female employee. *Id.* Absent unusual circumstances, such as when obedience would cause him irreparable harm or place him in a clearly dangerous situation or when the instructions are clearly unlawful, an employee must first comply with an instruction and then, if he disagrees with them, register his complaint or grievance later. *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶¶ 16, 18, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009); *Larson v. Department of the Army*, 91 M.S.P.R. 511, ¶ 21 (2002). We agree with the administrative judge that the appellant has not shown that he was entitled to disregard the instructions because he did not establish that compliance with the instructions would have caused him irreparable harm or

placed him in a clearly dangerous situation.[3] *See Larson*, 91 M.S.P.R. 511, ¶ 21 (holding that an appellant's subjective and unsupported apprehension of danger does not justify his refusal to perform his duties); I-2 ID at 10-11.

The administrative judge properly sustained the AWOL charge.

¶9　　The appellant also challenges the administrative judge's decision to sustain the AWOL charge because he left the agency premises after being sick and to avoid a dangerous situation and thus argues that he should have been placed in a sick leave status.  PFR File, Tab 1 at 30-31.  To prove an AWOL charge, an agency must show that the employee was absent without authorization and, if the employee requested leave, that the request was properly denied.  *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 28 n.5 (2015) (clarifying that, if an employee requested leave, the agency must show that the request was properly denied to sustain an AWOL charge), *overruled in part by Pridgen v. Office of Management & Budget*, 2022 MSPB 31, ¶¶ 23-25.  Here, the appellant's supervisor testified that, despite any mistaken notation to the contrary, he did not place the appellant on sick leave on the day in question and did not authorize his absence.  HT at 123-25 (testimony of the appellant's supervisor).  Thus, we agree that the appellant was absent and this absence was not authorized.  I-2 ID at 13.

¶10　　An AWOL charge will not be sustained, however, if an employee presents administratively acceptable evidence showing that he was incapacitated for duty during the relevant time period, and he has sufficient sick leave to cover the period of absence.  *Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 9 (2007).  We agree with the administrative judge that the appellant did not present

---

[3] To the extent that the appellant's challenges regarding the circumstances surrounding the collection of the sample constitute a claim of harmful error, we find that he has failed to establish this claim because he has not shown how such circumstances would have caused the agency to reach a different conclusion than the one it would have reached absent the alleged error.  *See Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 19 (2016) (finding that a specimen collector's alleged failure to have the appellant sign a vial containing his urine sample before leaving the testing room did not constitute harmful error).

any such documentation, and thus his absence could not be excused on this basis. I-2 ID at 13. Further, we do not find persuasive the appellant's argument that he was absent because of a perceived danger. *See Proctor v. Equal Employment Opportunity Commission*, 27 M.S.P.R. 163, 168-69 (1985) (finding that, when an employee failed to show danger of death or serious injury, the employee's AWOL and refusal to return to work warranted an adverse action). Accordingly, we find that the administrative judge properly sustained the AWOL charge. I-2 ID at 13.

We agree that the appellant has not shown that the deciding official was biased, that he engaged in ex parte communications, or that he committed a due process violation by considering the appellant's lack of remorse.

¶11      In support of his claim that the deciding official was biased, the appellant asserts that the deciding official led a conspiracy to set him up to be subjected to a nonrandom drug test. PFR File, Tab 1 at 24-25. We disagree with the appellant's general characterization, which is not supported by the record. We also find that the deciding official's involvement in ordering the drug testing did not constitute an intolerably high risk of unfairness to the appellant and thus find no due process violation in this respect. *See Holton v. Department of the Navy*, 123 M.S.P.R. 688, ¶ 31 (2016) (finding that the fact that the deciding official was also the official that had granted permission for the agency to perform the appellant's drug testing did not constitute a due process violation), *aff'd*, 884 F.3d 1142 (Fed. Cir. 2018).

¶12      The appellant next argues that the deciding official engaged in improper ex parte communications with the proposing official. PFR File, Tab 1 at 27-28. To the contrary, the proposing official emailed the deciding official and others stating that, if the appellant reports to work, he is to remain in the front lobby or computer area until otherwise authorized to proceed. I-2 ID at 16. We find that this email does not contain any new, let alone material, information. Furthermore, the appellant has not identified any communication that included new and material evidence, and thus we agree with the administrative judge that

the deciding official did not engage in improper ex parte communication. *Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](#), 1376 (Fed. Cir. 1999).

¶13    The appellant asserts that the deciding official violated his right to due process because he considered the lack of remorse as expressed in the response to the proposal without notification that he would consider this factor.  PFR File, Tab 1 at 28; HT at 255 (testimony of the deciding official); IAF, Tab 13 at 33-34, 37-48.  Put another way, the appellant argues that he was not notified that "if he showed remorse or if he stayed silent, his chances of removal would be mitigated."  RAF, Tab 20 at 26 n.4.  We find no violation of due process. Principles of due process require that a deciding official consider an employee's response to a proposal notice, but they do not prevent him from rejecting those arguments in rendering a decision.  An employee is not entitled to know in advance the weight that the deciding official will attach to his arguments, as it would be impossible for the deciding official to know in advance what the employee would argue.  *See Grimes v. Department of Justice*, [122 M.S.P.R. 36](#), ¶¶ 12-13 (2014).   We find that, in determining the penalty, the deciding official properly considered the appellant's lack of remorse in his response.[4]  *See Alberto v. Department of Veterans Affairs*, [98 M.S.P.R. 50](#), ¶ 10 (2004) (considering that the appellant lacked the potential for rehabilitation given his lack of remorse for his misconduct as demonstrated by his written reply in which he essentially attempted to blame his accusers for his actions).

The removal penalty is reasonable.

¶14    The appellant argues that the administrative judge should have mitigated the penalty because he had 18 years of service, the deciding official did not consider

---

[4] Although the appellant has not presented any such arguments, we have considered whether the appellant has shown harmful error based upon the deciding official's aforementioned actions, but we find no evidence of such error.  *See Stone*, 179 F.3d at 1377-78; *Ronso v. Department of the Navy*, [122 M.S.P.R. 391](#), ¶ 16 (2015).

the unusual circumstances surrounding the case, random urine tests only recently began at the facility and an employee had never before refused a test, and, as an African-American male, he feared for his safety when, around midnight, he was asked to provide the sample to a Caucasian female surrounded by many Caucasian guards. PFR File, Tab 1 at 29-32. When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17. The administrative judge sustained the penalty because she found, as the deciding official did, that, despite the appellant's 18 years of service and good work record, considering the fact that the deciding official lost confidence in him, the seriousness of his misconduct, the nature of his position, and his evident lack of potential for rehabilitation, the deciding official did not err in imposing the penalty of removal. I-2 ID at 26. We agree that the penalty is reasonable under the circumstances. *See Howarth v. U.S. Postal Service*, 77 M.S.P.R. 1, 7-8 (1997) (sustaining the appellant's removal for refusing to undergo alcohol testing).

The appellant has not otherwise provided a reason for disturbing the initial decision.

¶15   In addition, the appellant asserts that the administrative judge erred by asking leading questions of agency witnesses, did not consider his hearing exhibits, was biased when she gave greater weight to certain agency documentation, and should have imposed an adverse evidentiary inference against the agency for failing to preserve a copy of its video surveillance from the day in question. PFR File, Tab 1 at 13, 20-21, 30, 32. Even assuming that the administrative judge improperly asked leading questions, the appellant has not explained how any error in this respect would have affected the outcome of this appeal, and thus this argument does not provide a basis for disturbing the initial

decision. *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984). Additionally, the appellant's general allegation of bias is not sufficient to rebut the presumption of the administrative judge's honesty and integrity. *See Vaughn v. Department of the Treasury*, [119 M.S.P.R. 605](#), ¶ 19 (2013); *Oliver v. Department of Transportation*, [1 M.S.P.R. 382](#), 389 (1980). Further, we agree with the administrative judge that the agency had no reason to anticipate the appellant's request for the video in question. I-2 ID at 17-18. Thus, we find no reason to draw an adverse evidentiary inference against the agency. *Cf. Kirkendall v. Department of the Army*, [573 F.3d 1318](#), 1327 (Fed. Cir. 2009) (finding that the Board should have drawn adverse inferences against the agency based upon its negligent destruction of relevant documents).

¶16     Lastly, we have considered the appellant's argument that the administrative judge erred in not considering the exhibits that he requested to present after the hearing, stating that they "tell a totally different tale of what happened." PFR File, Tab 1 at 32. At the hearing, the administrative judge denied the appellant's motion to submit additional exhibits because she found no good cause for the appellant's untimely filing of the exhibits. HT at 493-94, 502-04 (rulings of the administrative judge). An administrative judge has broad discretion to refuse to consider any motion or other pleading that is not filed in a timely fashion. [5 C.F.R. § 1201.43](#)(c). Furthermore, the appellant has not described how the disallowed exhibits would affect the result of the appeal. Accordingly, he has not shown that the administrative judge abused her broad discretion in excluding evidence or that any such error prejudiced his substantive rights. *Vaughn*, [119 M.S.P.R. 605](#), ¶ 14.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:         /s/ for _____

                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.